NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BETTEY SUE CRAFT,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2021-1516

---

Petition for review of the Merit Systems Protection Board in No. AT-1221-20-0829-W-1.

---

Decided:  July 14, 2021

---

BETTEY SUE CRAFT, Tracy, CA, pro se.

KATHERINE MICHELLE SMITH, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by TRISTAN L. LEAVITT.

---

Before MOORE, *Chief Judge*, LINN and CHEN, *Circuit Judges*.

PER CURIAM.

Ms. Bettey Sue Craft appeals from a decision of the Merit Systems Protection Board (Board) dismissing her whistleblower individual right of action appeal for lack of jurisdiction.  Because Ms. Craft alleges retaliation for potential whistleblowing activity—a claim over which the Board has jurisdiction—we *vacate* the decision and *remand* for further proceedings.

## BACKGROUND

In 1983, Ms. Craft, an employee of the Defense Information Systems Agency, incurred a work-related injury for which she was awarded workers' compensation benefits by the Department of Labor (DOL).  Resp't App'x at 37.[1] Ms. Craft has since contested a variety of issues associated with this award.  Resp't App'x at 24.  On March 19, 2019, she filed an appeal with the Board, contesting previous decisions from the DOL's Office of Workers' Compensation (OWC) that issued between 2001 and 2012.  Resp't App'x at 69.  While that appeal was pending, on September 18, 2020, the OWC terminated Ms. Craft's workers' compensation benefits, reasoning that Ms. Craft had fully recovered from her injuries and did not require further compensation. *See* Resp't App'x at 36–39.

Ms. Craft filed a second (and separate) appeal with the Board on September 16, 2020.  This second appeal involves a whistleblowing individual right of action regarding the OWC's termination decision.[2]  Ms. Craft claims that the

---

[1]    Citations to "Resp't App'x at [page number]" refer to the appendix submitted with the government's informal brief.

[2]    Though the OWC did not issue its final termination until September 18, 2020, Ms. Craft filed suit after being notified of OWC's consideration of such termination on August 11, 2020.

OWC's rescission of benefits decision was made in retaliation for her whistleblowing activities.  Resp't App'x at 21.  The Board issued a Jurisdiction Order, notifying Ms. Craft that it lacked jurisdiction over her claims unless she provided proof of administrative exhaustion at the Office of Special Counsel (OSC) and made nonfrivolous allegations that her disclosures were protected whistleblowing activity contributing to the OWC's decision.  Resp't App'x at 3.  Ms. Craft subsequently filed three submissions detailing her interactions with OSC, elaborating that, in her belief, the OWC's decision was due to her disclosures and appeals of prior determinations.  *See* Resp't App'x at 49–53.

On October 15, 2020, the Board dismissed Ms. Craft's appeal for lack of jurisdiction, explaining that "OWC[]'s proposed termination of the appellant's OWC[] benefits and its subsequent decision to terminate those benefits[] is not a matter that is directly appealable to the Board."  Resp't App'x at 3.  The Board did not make any factual findings in its decision as to OSC exhaustion, stating that it lacked jurisdiction as a matter of law in view of *Kerrigan v. Dep't of Labor*, 122 M.S.P.R. 545 (2015).  Resp't App'x at 3.

Ms. Craft timely appeals.  We have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1)(B) and 28 U.S.C. § 1295(a)(9).

### DISCUSSION

On appeal, the government asks us to vacate and remand, acknowledging that the Board erred as a matter of law in finding it lacked jurisdiction.  Resp't Br. at 8.  We agree.

We may set aside a decision by the Board only when it is arbitrary, capricious, an abuse of discretion, does not follow the law, or is not supported by substantial evidence.  *See* 5 U.S.C. § 7703(c); *see also Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995).  The Board's determination that it lacks jurisdiction is a legal question that this court reviews de novo.  § 7703(c); *see also Herman v.*

*Dep't of Justice*, 193 F.3d 1375, 1378 (Fed. Cir. 1999).  This court is bound by the Board's factual findings on which a jurisdictional determination is based "unless those findings are not supported by substantial evidence." *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).

The issue of an individual's entitlement to workers' compensation benefits is within the exclusive jurisdiction of the OWC under 5 U.S.C. § 8128(b).  *See Pueschel v. United States*, 297 F.3d 1371, 1374–77 (Fed. Cir. 2002).  Ms. Craft, however, does not seek review of the underlying merits of the OWC decision, but rather contends that the OWC retaliated against her following protected whistle-blowing activity.  This kind of whistleblowing retaliation claim is within the scope of the Board's jurisdiction. *Kerrigan v. Merit Sys. Prot. Bd.*, 833 F.3d 1349, 1352 (Fed. Cir. 2016) ("The question of whether the DOL retaliated against Mr. Kerrigan in reprisal for whistleblowing activity is a different one than whether the DOL correctly terminated his benefits for failure to attend vocational training.  Section 8128(b) only precludes the Board's review of the latter.").

## CONCLUSION

Because the Board's decision was contrary to law, the decision is vacated and remanded.  The Board suggested, though it never affirmatively concluded, that Ms. Craft may have failed to exhaust administrative remedies at the OSC or failed to state a nonfrivolous claim.  We remand for the Board to make factual findings on these points in the first instance.

## **VACATED AND REMANDED**

### COSTS

No costs.